### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

ADMIRAL INSURANCE COMPANY, C B CONTRACTORS LLC,

     Plaintiffs,

v.                                         CASE NO. 1:12-cv-00076-MP-GRJ

FLORIDA STATE PLASTERING INC,
INTEGRITY WALL SYSTEMS INC,
LIBERTY MUTUAL INSURANCE COMPANY,

     Defendants.

_____/

# O R D E R

      This matter is before the Court on Doc. 5, Motion to Remand to State Court and Brief in

Support, to which Defendant Liberty Mutual Insurance has responded, Doc. 12. This matter was

initiated in state court, in case number 2012-CA-499 in the Eighth Judicial Circuit, in and for

Alachua County.  Liberty Mutual removed the case, arguing that diversity jurisdiction should

exist because one non-diverse defendant was fraudulently joined.  Doc. 1.  The plaintiffs argue

that the non-diverse defendant was properly joined, and so the case must be remanded.  Doc. 2.

For the reasons which follow, the pleadings, motions and responses do not properly address the

citizenship of the parties, and so additional briefing by the parties is necessary.

     **1.**      **The Bartram Action, 1:09-cv-254-SPM**

      A little history is required to understand the events of this case.  This case and two others

spring from the building of the Bartram Apartments in Gainesville, Florida.  The Bartram LLC

hired CB Contractors LLC ("CBC") to serve as general contractor in the construction of the

apartments, and CBC contracted with scores of subcontractors to complete the work.  After the

work was completed, the developer began noticing major structural problems, particularly in the roofs of the buildings.  Eventually, in 2009, the Bartram LLC sued CBC in Judge Mickle's court (case number 1:09-cv-254-SPM-GRJ).  The complaint was filed on December 11, 2009, and contained just a single breach of contract claim, based on alleged defects in the work done in constructing the Bartram Apartments.  See Doc. 36, First Amended Complaint in 1:09-cv-254.[1]

In the jurisdictional section of the First Amended Complaint, the Bartram alleges that "Plaintiff, The Bartram, LLC, is a Delaware corporation with its principal place of business in Florida, and is authorized and conducting business in the state of Florida."  *Id.* at ¶ 2.  This is obviously not correct, as its name reveals that it is actually a limited liability company, not a corporation, and its citizenship for jurisdictional purposes would be the citizenship of its members, rather than the principal place of business.[2]  The Bartram also alleged that CBC was "a Georgia company with its principal place of business in Georgia, and is authorized and conducting business in the state of Florida."  *Id.* at ¶ 3.  While this paragraph correctly alleges that CBC is a "company" rather than a "corporation," it still focuses on the principal place of business of the company for jurisdictional purposes, which (although a crucial question when corporations are involved) is not the crucial question when an LLC is involved.

Eventually, CBC filed a Third Party Complaint (at Doc. 29) and one of the third party defendants moved to dismiss.  The motion, wrongly assuming that CBC was a corporation,

_____

[1]A later motion, Doc. 482, to amend the First Amended Complaint, was not ruled upon by Judge Mickle because of the settlement of the case, so the First Amended Complaint was the last active complaint.

[2]"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  A corporate name search at Sunbiz.org verifies that the Bartram is an LLC.

alleged that CBC's principal place of business was Florida, thereby making it a Florida

corporation and destroying diversity.  Judge Mickle addressed the confusion in Doc. 84 in that

case and ruled as follows:

> Plaintiff improperly relied on the jurisdictional standard for corporate entities,
> rather than LLCs.  While Plaintiff's complaint states that Plaintiff and Defendant
> [CBC] are corporations, both Plaintiff and Defendant [CBC] were registered as
> LLCs – not corporations.  Thus, Plaintiff should have identified the parties as
> LLCs and pleaded each party's citizenship according to the legal standard for a
> LLC.[3]

Doc. 84 in 1:09-cv-00254, p. 6, n.5.

As noted in footnote 2, the citizenship of an LLC is determined by the citizenship of its

members.  Therefore, in Doc. 84, Judge Mickle examined the citizenship of the members of each

LLC.  He found that the Bartram had only one member, a citizen of Florida, and thus concluded

that the Bartram LLC was a citizen of Florida.  *Id.* at 6.  Likewise, Judge Mickle found that CBC

had only one member, Michael Ruskin, a citizen of Georgia, making CBC a citizen of Georgia.

Judge Mickle thus denied the motion to dismiss, finding complete diversity between the Florida

plaintiff (Bartram LLC) and the Georgia defendant (CBC).

Bartram and CBC were originally the only parties to that lawsuit, but as noted above

CBC filed Doc. 29, a Third Party Complaint against various subcontractors, including the two

entities that are defendants in the two actions brought by CBC before Judge Paul:  Floor Crete

Enterprises, Inc., (in 1:12-cv-00138) and Florida State Plastering, LLC, in this case.  In the Third

Party Complaint, Floor Crete Enterprises, Inc., was correctly alleged to be a foreign corporation.

Doc. 29, p. 8, ¶7 (Sunbiz.org lists it as a now-inactive Texas corporation).  Also, Florida State

Plastering was correctly identified as a Florida Limited Liability Company.  *Id.* at p. 7, ¶ 4.

---

[3]As becomes important later, this order was entered in August of 2010.

However, CBC mistakenly alleged that CBC itself was "a Georgia corporation authorized and conducting business in the State of Florida."  *Id.* at ¶ 1.  As noted above, it was actually a Georgia Limited Liability Company, whose only member was a Georgia citizen.  Later, despite CBC having been told by Judge Mickle in Doc. 84 that it is a limited liability company and not a corporation, CBC repeated its error.  In Doc. 302, the Second Amended Third-Party Complaint, CBC continues to assert that it is a "Georgia corporation authorized and conducting business in the State of Florida." Doc. 302, ¶ 2.

The error in Doc. 302 was never corrected,[4] however, as it became clear that the case was going to settle.  On May 1, 2012, the Bartram filed a notice of pending settlement, Doc. 554.  Later, on June 28, 2012, the plaintiff, defendants, and all third and fourth party plaintiffs and defendants filed a joint stipulation for dismissal, signed by all parties who had appeared.  The Stipulation for Dismissal listed all those parties and then stated that they

> jointly stipulate and agree to the dismissal with prejudice of any and all claims which have been or could have been asserted by Plaintiff, Defendant, Third Party Plaintiff, Third Party Defendants, Fourth Party Plaintiff and Fourth Party Defendant. Plaintiff, Defendant, Third Party Plaintiff, Third Party Defendants, Fourth Party Plaintiff and Fourth Party Defendant shall bear their own attorney's fees and costs incurred herein. The Court shall reserve jurisdiction to enforce the terms of the Settlement Agreements between the parties.

Doc. 558, p. 2.  A few days later, Judge Mickle entered an order stating

> that all claims which were brought or could have been brought by [the Parties] are hereby dismissed with prejudice.  The Parties shall bear their own attorney's fees

---

[4]The court never ruled upon CBC's motion at Doc. 420 for leave to file a Third Amended Third-Party Complaint, as the case settled. Thus, Doc. 302 represents the latest active Third-Party Complaint.  However, Doc. 421, CBC's proposed third amended third party complaint would have repeated the error of calling CBC a corporation rather than an LLC.

and costs incurred herein.  The Court reserves jurisdiction[5] to enforce the terms of the Settlement Agreements between the parties.

Doc. 559 (in place of "[the Parties]" Judge Mickle listed every plaintiff, defendant, third party plaintiff, third party defendant, fourth party plaintiff and fourth party defendant.)  In addition to every claim that was or could have been brought, under the plain language of the stipulation and the order, the parties agreed that they "shall bear their own attorney's fees and costs incurred herein." *Id.*

## 2.   CBC and its insurer sues Florida State Plastering, LLC, and its insurer in state court -- 1:12-cv-00076

Meanwhile, on February 6, 2012 -- while the federal *Bartram* action was still pending -- CBC filed a complaint in state court against 1) Florida State Plastering, LLC, 2) its alleged parent corporation, Integrity Wall Systems, LLC, and 3) its insurer Liberty Mutual Insurance Company.   See copy of state court complaint in 1:12-cv-00076, Doc. 1, attach. 2, pp. 4-12 of PDF.  The state court complaint is likewise riddled with pleading errors and, in fact, flatly contradicts the pleadings in the case then pending before Judge Mickle, 1:09-cv-00254.  First, in ¶ 1, CBC alleges that "At all material times, Plaintiff, C.B. CONTRACTORS, LLC (CBC), was a Florida Corporation engaged in the work of a general contractor in Alachua County, Florida." As discussed above, an LLC is a limited liability company and not a corporation.  Also, Judge Mickle had previously instructed CBC (a year and a half earlier) that it was a Georgia citizen

---

[5]The retention of jurisdiction was proper because the parties explicitly made the retention of jurisdiction a condition of the stipulation and the Court explicitly retained jurisdiction to enforce the settlement agreement in its order.  *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012) ("Similar to the Fifth Circuit, we read *Kokkonen* in light of the plain language of Rule 41(a)(1)(A)(ii) and understand that it allows a district court to retain jurisdiction through an order, even if the parties dismiss the case through use of Rule 41(a)(1)(A)(ii), so long as the parties agree to the retention of jurisdiction.")

because of the Georgia citizenship of its only member, Michael Ruskin.  Doc. 84 in 1:09-cv-
00254, p. 7:

> At the commencement of this controversy, Mr. Ruskin was a US citizen
> domiciled in Georgia and was thereby deemed a citizen of Georgia.  Plaintiff's
> Response, Exhibit D.  Mr. Ruskin remains a citizen of Georgia today.  Id.  As Mr.
> Ruskin is the sole member of Defendant [CBC] and he is a citizen of Georgia,
> Defendant [CBC] has a single citizenship in Georgia.

Nowhere in the state court complaint in 1:12-cv-00076 (or motion to remand, Doc. 5) does CBC
explain why it had become a Florida Corporation rather than a Georgia LLC.  Likewise, ¶ 3
states that Integrity Wall Systems is an LLC, but then alleges that it is a foreign "corporation."[6]
The complaint makes the same mistake regarding Florida State Plastering, LLC, which it calls a
Florida corporation in ¶ 4.   These pleading errors are more than just academic or technical: if the
allegations of ¶ 1 are false, and CBC is a Georgia rather than Florida citizen while neither of the
defendants are Georgian, then diversity jurisdiction would exist.  If CBC is somehow a Florida
citizen, then complete diversity would not exist unless Florida State Plastering was found to be
fraudulently joined.

Liberty Mutual, Florida State Plastering's insurer, removed the case to this court, and it
was given the case number 1:12-cv-00076.  However, in its Notice of Removal, Liberty Mutual
does not make the argument that diversity exists because CBC is a Georgia LLC and Florida
State Plastering is Floridian.  Instead, it argues that complete diversity exists between the parties
because Florida State Plastering was fraudulently joined.  That is, Liberty Mutual does not argue
that CBC is a Georgia limited liability company and that the defendants are not Georgian.

---

[6]Additionally, although the complaint names Integrity Wall Systems, LLC, as a
defendant, it does not bring any claims against, or seek any relief regarding, the company in the
body of the complaint.

Instead, Liberty Mutual appears to believe the allegation that CBC is a Florida corporation and thus has to argue that Florida State Plastering should not have been joined because it was already a Third-Party defendant in the then-pending case before Judge Mickle, 1:09-cv-254.  Now, since the dismissal in that case covered "all claims that were brought or could have been brought" by CBC against Florida State Plastering, and also decided the issue of attorney's fees and costs, see Doc. 559, Liberty Mutual argues that res judicata or claim preclusion prevent re-consideration of any claims against Florida State Plastering here.  CBC filed a motion to remand to state court, arguing that Florida State Plastering was not fraudulently joined, but again not mentioning why it is a Florida corporation rather than a Georgia LLC.  Doc. 5.

**3.**      **CBC and its insurer sues Floor Crete Enterprises, Inc. in state court -- 1:12-cv-00138**

On May 11th, 2012, a month before the *Bartram* case was settled, CBC and its insurer filed suit in state court against Floor Crete Enterprises and its insurer.  Again, despite the prior order of Judge Mickle indicating that it was a Georgia LLC and not a Florida corporation, CBC alleged that "[a]t all material times, Plaintiff, C.B. Contractors, LLC ("CBC"), was a Florida Corporation engaged in the work of a general contractor in Alachua County, Florida." Doc. 2 in 1:12-cv-00138.  Also, the complaint alleges that "[a]t all material times, Defendant, Floor Crete, is a Florida corporation doing business in Alachua County, Florida." *Id.* at ¶ 5.  This flatly contradicts CBC's previous allegation in the Third-Party Complaint, where CBC alleged that Floor Crete Enterprises, Inc., was a "foreign corporation."  Doc. 29, p. 8, ¶7 (Sunbiz.org lists it as a now-inactive Texas corporation).  Floor Crete removed the case, arguing that it is a Texas corporation but wrongly alleging that CBC was a Florida corporation.  Doc. 2, ¶ 5.  CBC did not file a motion to remand in 1:12-cv-00138.

CBC appears to not dispute this Court's diversity jurisdiction in 1:12-cv-00138, even though it did so in 1:12-cv-00076.  Nevertheless, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999); *Cuban American Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1422 (11th Cir.1995) (explaining that the "'obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issue and both parties are prepared to concede it'") (quoting *Hallandale Professional Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir.1991)).

In Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 773 (11th Cir. 2010), the Eleventh Circuit instructed that a district court may elicit and review post-removal evidence in assessing removal jurisdiction:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We ... adopt[ ] a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize ... that under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.

*Id*. at (quoting from Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).  Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1.      Plaintiffs are directed to file a pleading addressing the issue of diversity jurisdiction, in particular the citizenship and company form of itself and all the other parties, with supporting affidavits.  The pleading shall also address the preclusive effect of Judge Mickle's order of July 2, 2012, in 1:09-cv-254, and shall be filed on or before Friday, October 12, 2012.  The defendants shall file a response within 14 days of the date of filing the Plaintiffs' pleading.

2.      All other motions and deadlines are abated, other than the Summary of Attorney Time Records requirement from N.D. Fla. Loc. R. 54.1, pending the resolution of this jurisdictional issue.

**DONE AND ORDERED** this _26th_ day of September, 2012

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge